Fletcher *v.* Clark et al.

---

### FLETCHER *v.* CLARK & BURTON.*

*Parol Evidence to Vary a Deed. Construction of Deed.*

When a general description in a grant is followed by a particular description, the particular description must govern; and if parol evidence of the situation, surroundings, and appellations of the subject of the grant at the time of its execution, would tend to make the general description comprehend more than the particular description, it would tend to contradict the deed in its true construction, and be inadmissible.

In this case it was *held* that the particular description did not embrace the demanded premises, and parol evidence to bring them within the general description, was excluded.

EJECTMENT. Plea, the general issue, and trial by the court, September Term, 1874, ROYCE, J., presiding.

The plaintiff gave in evidence a deed from the defendant Burton to himself, dated July 30, 1873, describing the land thereby conveyed, as follows:

All the Wilson farm so called, and the Flanders & Foster farm adjoining the same, lying and being in the westerly part of said town of St. Albans, and bounded as follows, to wit: On the north by lands of Alanson L. Wright and the highway; on the east by lands of Alanson L. Wright and Freeborn E. Bell; on the south by lands of Geo. W. Stilphen and L. A. Lasell; on the west by McQuam Bay — containing three hundred acres of land, be the same more or less.

---

*Heard at the January Term, 1875; decided at the January Term, 1876.

Plaintiff gave evidence tending to show that the land described in the declaration was embraced in said deed, and that defendants were in possession at the commencement of this suit, and also at the time of trial. The demanded premises contained about forty acres, and were conveyed to the defendant Clark, under whom Burton claimed, in two parcels — one by Flanders and Foster, and one by Timothy Tilton; and for the purpose of locating the boundaries in his deed, and of showing that the demanded premises were included therein, the plaintiff introduced testimony tending to show, and it was not disputed, that at the date of said deed, said Wright owned land north and east of said Flanders & Foster farm, and north of and adjoining a portion of the Wilson farm, and of all the demanded premises; that said Bell owned land on the east thereof, and said Lasell and Stilphen on the south, and that McQuam Bay bounded said farm on the west, and that one McIver owned land lying between the south-easterly portion of the Wilson farm and the demanded premises. The plaintiff offered to show that that part of the demanded premises which Flanders and Foster sold to Clark, containing about 15 acres, was in fact a part of the Flanders & Foster farm, and was known and used as such, and that after Clark purchased the Tilton piece, that piece and the 15 acres were known and used as and called a part of the Wilson farm; but the court excluded the testimony, to which the plaintiff excepted.

The defendant introduced testimony tending to show that the demanded premises were 104 rods from any part of the Flanders & Foster farm, and 57 rods from the south line of said McIver's land. There was a highway through McIver's land, extending to the bay. All the other facts as to the location of the several parcels of land, necessary to be stated, are contained in the opinion. The plaintiff claimed that Wright's land and said highway, were the northern boundary by his deed, and that the demanded premises were embraced in the deed; and the defendants claimed that Wright's land, the highway, and the south line of McIver's land, formed the northern boundary of said premises, and that the demanded premises were not embraced in said deed.

The court decided, *pro forma*, as matter of law, that by a fair

construction of said deed, the demanded premises were not embraced in it, and rendered judgment for the defendants ; to which the plaintiff excepted.

*H. S. Royce,* for plaintiff.

The testimony offered by plaintiff, to show that a portion of the land in dispute was in fact a part of the Foster & Flanders farm, and that since the purchase of the Tilton piece, the whole land in dispute had been used with, and known and called a part of, the Wilson farm, was improperly excluded. The principal question upon the trial was in relation to the location of the north line or boundary of the land described in Burton's deed to the plaintiff. If its location was as claimed by the plaintiff, the land in dispute was embraced in the deed, but otherwise, if it was where the defendants claimed it to be. It was a question of intention, both as to the location of the line and as to the conveyance of the land in dispute. It was not a question whether boundaries shall control other parts of the description, but a question of fact, and the testimony offered was admissible. It is only when the description by boundaries, and other parts of the description in a deed, are conflicting, that the boundaries control. When they are not conflicting, all parts of the description must be considered, and the deed so construed as to give effect to them all. *Emerson* v. *White,* 29 N. H. 482. The land was designated and described as " the Wilson farm, and the Flanders and Foster farm joining the same." This was a part of the description in the deed, therefore it was competent to show the location of those farms, and of what they consisted ; and for this reason also the testimony offered was admissible. *Allen* v. *Richards,* 5 Pick. 513.

The words, *joining the same,* do not limit the grant to that portion or piece of the Flanders and Foster farm that joins the Wilson farm, but they were intended as matter of description only. *Hibbard* v. *Hulbert,* 10 Vt. 173 ; *Drew* v. *Drew,* 7 N. H. 489 ; *Worthington* v. *Hyler,* 4 Mass. 204. The Flanders and Foster farm consisted, as farms frequently do, of detached pieces of land. But it was the *farm* that was conveyed, and not that portion of it only which adjoins the Wilson farm. The land in dispute is

within the abuttals, and will pass, though the words, "*joining the same*," should be held a limitation. *Doe* v. *Galloway*, 5 B. & A. 43 ; *Lippet* v. *Kelly*, 46 Vt. 523 ; *Nutting* v. *Herbert*, 35 N. H. 120 ; 10 Met. 250 ; 2 Mass. 280 ; 9 Cush. 438 ; 13 Pick. 145.

The decision of the court that by a legal construction of the deed the land in dispute was not embraced, was erroneous. The application of the description in a deed to the subject-matter, and the question whether a particular piece of land is included, when the boundaries are in dispute, is a question of fact. *Pettengill* v. *Potter*, 3 Allen, 349 ; *Claremont* v. *Carlton*, 2 N. H. 373. Whether parcel or not of the premises conveyed, is a question of fact. *Mitchell* v. *Stevens*, 2 Aik. 16. The construction must be such as to answer the calls in the deed. " A conveyance of more land than a man has, passes what he has falling within the described premises." 1 Root, 211 ; 10 Conn. 27.

*A. G. Safford*, for defendant.

Parol evidence is allowed to a limited extent only, and rarely, if ever, beyond the circumstances under which the deed was made. 3 Washb. Real Prop. 349. The deed is to be construed with reference to the rightful state of the property at the time of its execution. *Ib.* 333, 349. It is sufficient to say, that the testimony ruled out was in reference to the designation of the property after Clark's ownership, and not necessarily at the time of the execution of the deed. Parol evidence could not be introduced, except to explain some fact existing at the time of the execution of the deed, necessary to its proper interpretation. If the evidence had been admitted, it could not have aided the court in the interpretation of the deed—the case would have been within the rule laid down in *Spiller* v. *Scribner*, 36 Vt. 246. But the deed is to be construed *ex visceribus suis*, and without resort to parol evidence, unless necessary. Parol evidence was undoubtedly admissible, to show the location of the land described in the boundaries, because necessary ; but the case fails to disclose any necessity for ascertaining how a former owner designated his land. The testimony should have been excluded, because attempting to show a state of facts repugnant to the terms of the conveyance.

This isolated territory is not included in the description contained in the deed. The words, "joining the same," are meaningless, if it is included. The eastern boundary of the land owned by Wright, excludes it. The disputed territory cannot be included in the deed, because it has but two of its boundaries described. The deed gives two descriptions of the land ; one, stating the estate conveyed to be the Wilson farm, and the Foster and Flanders farm *joining the same*, and the other, bounding that estate. The only error in the boundary, according to the claim of the defendant, lies in the fact that the highway does not, with Wright's land, make the entire northern boundary ; but this erroneous description does not make even a repugnancy, nor extend the operation of the deed to land not already defined. The exclusion of the disputed territory is the only construction which harmonizes the two descriptions. The disputed territory did not pass under the limiting words, " joining the same," nor is it contained within the boundaries, nor under the words, " and appurtenances," for land is never appurtenant to land.

The opinion of the court was delivered by

WHEELER, J. There is no doubt but that the general rule, that parol evidence is admissible to show the situation, surroundings, and appellations even, of the subject-matter of a grant, for the purpose of ascertaining what was granted, is as the plaintiff's counsel claimed it to be. That has been decided too many times to admit of question now. And if the description of land granted in this deed had stopped after the general description, " all the Wilson farm so called, and the Flanders and Foster farm joining the same, lying and being in the westerly part of said town of St. Albans," there is no fair question but that the evidence as to the source of the title to the land in dispute, and that this land was known, used as, and called a part of the Wilson farm, would have been admissible to be used in determining what the extent of the Wilson farm conveyed, in fact was. But the description goes further, and says, " bounded as follows, to wit," and then gives a particular description of the land conveyed ; and there is a rule of construction equally well settled, that when in a grant a gen-

eral is followed by a particular description, the particular description must govern; and in this case, if the evidence offered would make the general description comprehend more than the particular one, it would tend to contradict the deed in its true construction, and would be inadmissible. The particular description proceeds to bound the land conveyed, firstly, "on the north by lands of Alanson L. Wright and the highway." The land of Wright lies north of the Flanders & Foster farm, and extends east of that, southerly, to the highway, and then the highway extends eastwardly, north of a part of the Wilson farm, and several rods south of the land in dispute. There is other land of Wright lying north of the land in dispute, but if that had been intended as being the land that the land granted was bounded on the north by, there would have been not only no occasion to add, " and the highway," but that addition would have been improper. The fair meaning of this seems to be, north, first on Wright's land, then on the highway, and that would exclude the land in dispute by the northern boundary. The description proceeds : " On the east by lands of Alanson L. Wright and Freeborn E. Bell." There is no land of Wright that lies east of any of the land granted or claimed to have been granted, except that which lies east of the Flanders & Foster farm; and west of the land in dispute ; and hence that must be the land of Wright intended in this part of the description. There is land of Bell that lies east of the land in dispute ; but if that part of his land had been intended in this part of the description, his land would occupy the whole eastern boundary of the land conveyed, and leave no room for Wright's land there. Land of Bell lies east of what is not disputed to be a part of the Wilson farm ; and to consider that as being the land of Bell meant, will give force to the whole of this part of the description, and exclude the land in dispute by the eastern boundary. The description again proceeds: " On the south by lands of Geo. W. Stilphen and L. A. Lasell." The land in dispute does not touch any of the lands of either of these, nor does it adjoin any land granted that touches any lands of either. So the southern boundary does not tend to include this land with that granted. . The description further proceeds: " On

the west by McQuam Bay." This land does not touch McQuam Bay, nor adjoin any land conveyed, nor lie within many rods of any land conveyed, that does touch it; and the land of Wright that is described as bounding the land conveyed on the east, lies directly west of this land, and between it and McQuam Bay. And in that way the western boundary has no tendency to include it. There is a corner of land of one McIver that is included in this particular description, and it is insisted that therefore this description is indefinite, and should not govern. But the description is none the less definite on that account; neither can it justly be said to include all that may be claimed to belong in, because it includes some that does not belong in. These considerations lead to the conclusion that the particular description does not include the land in dispute, and that the evidence offered would only have tended to make the general contradict the particular description, and was for that reason properly excluded.

Judgment affirmed.